**VERONICA PAAGA, Plaintiff**

**v.**

**DEVELOPMENT BANK OF AMERICAN SAMOA, Defendant**

High Court of American Samoa
Trial Division

CA No. 153-95

February 7, 1997

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:     For Plaintiff, Asaua Fuimaono
             For Defendant, Katopau T. Ainu'u

Order Granting Defendant Partial Summary Judgment:

On December 8, 1995, plaintiff Veronica Paaga ("Paaga") filed a complaint against the defendant Development Bank of American Samoa ("Bank") that stated eleven allegations regarding the Bank's conduct. The complaint reflects little if any regard to the general requirement of T.C.R.C.P. 8(a) that the complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rather, the pleading incoherently alludes to the Bank's "arbitrarily (sic) and unlawfully" dismissing Paaga "without notice"; its abetting the American Samoa Government in the "malicious prosecution" of Paaga, resulting in "embarrassment, defamation of character, great mental anguish, financial hardship and emotional distress to Paaga."

The Bank, discerning a cause of action stated in the complaint for unlawful employment termination, moved, pursuant to T.C.R.C.P. 56, for summary judgment on Paaga's claim of wrongful discharge. The Bank argues that the claim fails as a matter of law because Paaga was an "at-will" employee, whose termination did not require "just cause" or even an explanation. In its supporting affidavit, the Bank, through its President, avers that the employment relationship between the parties was governed by the terms of its Employee Handbook, which effectively spells out an employment "at will" relationship. The handbook provides that "employment with the Bank is at will. Therefore, either the employer or employee can terminate the relationship *with or without cause, for any reason or no reason,* upon notification of the other party." (emphasis added).

Paaga has responded that summary judgment is inappropriate because the facts alleged in support of her complaint, if proved at trial, would entitle her to relief for wrongful discharge. At oral argument on the Bank's motion, Paaga claimed that under the common law, she possessed a right to continued employment unless terminated for cause. Furthermore, she claims that the handbook contained conflicting evidence that, if viewed in the light most favorable to her, could lead a reasonable fact-finder to conclude that she acquired an actual or implied contractual right to be terminated only under certain conditions and circumstances.

153

## DISCUSSION

■ Under the common law, and contrary to Paaga's view, if the parties to an employment contract have neither fixed a definite term of employment nor created any contractual obstacle to the right of discretionary discharge, then the contract is for employment at will and the employer may without liability discharge the employee for any reason. *Palelei v. Star Kist Samoa, Inc.*, 5 A.S.R.2d 162, 165 (Trial Div. 1987). At the same time, T.C.R.C.P. 56(e) states the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his p' ;ading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ In the instant case, Paaga simply counters the Bank's claim, an at-will relationship, by simply denying the applicability of the handbook, because it may have been "only a draft" at the time of her hiring, because it was improperly distributed, and because the drafters of the handbook had a different meaning of "at will employment." There is no attempt on Paaga's part to counter the Bank's claim with a contrary showing of an employment relationship that was other than at will, barring the Bank the right of discretionary dismissal. That is to say, Paaga has not presented evidence in her pleadings and supporting affidavits that, if proven at trial, would support her claim that her employment contract contained an implied or actual provision protecting her from arbitrary termination.

However, even if the handbook did ot govern the employment relationship, the fact remains that Paaga has not made any credible allegations that the Bank had made any oral or written representation to her that her employment was terminable only under specific circumstances. In other words, even if the handbook did not create an "at will relationship" between Paaga and the Bank, we find nothing in the pleadings or supporting affidavits to support Paaga's contention that the handbook created an obstacle to discretionary discharge.

Paaga's pleadings and affidavits contain a sole allegation of employer conduct that might constitute an employer guarantee of job security. Ironically, Paaga relies on the very handbook she claims was ineffectual. She claims that the handbook's "Resignations and Dismissals" section creates a genuine issue of material fact as to whether her employment could be terminated only under certain conditions. The handbook states,

on page five, that "[t]he Bank may dismiss employees for just cause including the performance of unsatisfactory work, reduction in the work force, or the curtailment of the Bank's business." However, we cannot construe this sentence as creating a contractual guarantee that the Bank could dismiss employees *only* for just cause. Immediately subsequent to the sentence illustrating examples of dismissals for just cause, the handbook provides that "[t]hese reasons are not all inclusive and dismissals for other reasons may be made at the Bank's discretion." Moreover, the first sentence of the "Resignation and Dismissals" section reiterates that "[e]mployment with the Development Bank of American Samoa is on an 'at-will' basis, and the Bank reserves the right to discharge employees at any time for any reason." Thus, the handbook language about dismissals for "just cause" merely identifies a subset of the potential reasons for which an employee could be terminated, and it does not purport to override the common law presumption that the employment was at will.

## CONCLUSION & ORDER

Paaga has not presented sufficient facts which, if proven at trial, could persuade a reasonable fact-finder to find that she had a "just cause" clause in her employment contract, and that the Bank wrongfully terminated her employment.

Accordingly, Bank's motion for summary judgment as to Paaga's wrongful discharge claim is granted.[1]

It is so ordered.

---

[1] Since the Bank's motion did not address the issue of "malicious prosecution" and its claimed attendant consequences, we intimate no opinion on any such cause(s) (to the extent that any may be stated in the complaint).